Chen v. Garland

BIA
Christensen, IJ
A206 511 312

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand twenty-one.

PRESENT:
>    PIERRE N. LEVAL,
>    RICHARD J. SULLIVAN,
>    STEVEN J. MENASHI,
>        *Circuit Judges.*

_____

QI XUAN CHEN,
    *Petitioner*,

    v.                                          19-107
                                                NAC
MERRICK GARLAND,
UNITED STATES ATTORNEY GENERAL,
    *Respondent.*[1]

_____

FOR PETITIONER:            Gary J. Yerman, Esq. New York, NY.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

**FOR RESPONDENT:** Cindy S. Ferrier, Assistant Director; Kimberly A. Burdge, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qi Xuan Chen, a native and citizen of the People's Republic of China, seeks review of a December 20, 2018 decision of the BIA affirming a November 15, 2017 decision of an Immigration Judge ("IJ"). *In re Qi Xuan Chen,* No. A 206 511 312 (B.I.A. Dec. 20, 2018), *aff'g* No. A 206 511 312 (Immig. Ct. Nov. 15, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We review both the BIA's and IJ's decisions under the substantial evidence standard. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005); also 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility

2

determination on . . . the inherent plausibility of the applicant's . . . account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the adverse credibility determination.

First, the agency reasonably relied on inconsistencies between Chen's asylum interview and his testimony regarding where he attended church and was arrested, whether his parents attended church with him, and what police station he was detained at. *See Hong Fei Gao*, 891 F.3d at 79 (holding that "discrepancies . . . must be weighed in light of their

significance to the total context of . . . [the] claim of persecution" (quoting *Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 127 (2d Cir. 2007)). And those inconsistencies provide substantial evidence for the adverse credibility determination. *See Likai Gao v. Barr,* 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E}ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xian Tuan Ye v. Dep't of Homeland Sec.,* 446 F.3d 289, 295 (2d Cir. 2006) (holding that "material inconsistency in an aspect of [the] story that served as an example of the very persecution from which [petitioner] sought asylum . . . afforded substantial evidence to support the adverse credibility finding" (internal quotation marks omitted)).

The agency reasonably rejected Chen's argument that he should not be faulted for his failure to mention the church he attended and was arrested at during his interview. *See Hong Fei Gao*, 891 F.3d at 78 ("[T]he probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably

4

have been expected to disclose.").  His other explanations do not resolve his inconsistent statements or compel a finding that his statements were consistent.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Second, the agency reasonably found Chen's account of his escape from police custody inherently implausible.  *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) ("The speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience.").  The agency reasonably questioned the plausibility of Chen's account that he escaped from a guarded hospital room through an unlocked window, scaled a fence, and escaped by bus after he ran into an acquaintance who paid his bus fare.  *See Ming Xia Chen v. BIA*, 435 F.3d 141, 146 (2d Cir. 2006) (upholding implausibility finding where applicant testified she escaped detention "just because

5

her jailors were not paying attention").

Lastly, the agency reasonably found that Chen failed to sufficiently corroborate his claim of past persecution. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007)("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The IJ reasonably afforded diminished evidentiary weight to the letters from his family and a fellow church member in China. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence" and deferring to BIA decision to afford little weight to letter from applicant's spouse).

The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court